STEPHENSON, GUNTER, Associate Judge.
This is an appeal from an order of the juvenile court permanently committing three minor children to a licensed child placing agency. The question raised is, does Chapter 39.11(1) (d) Florida Statutes, F.S.A., require the juvenile judge to make and recite in his order specific findings of facts as a prerequisite for permanently removing children from their parents and placing them with a licensed child placing agency for adoption.
No record was made of the evidence or testimony presented to the juvenile judge. We are not reviewing the sufficiency of the facts of whether the judge misinterpreted the legal effect thereof. Our scope of review is limited to answering the question raised above.
The order appealed, which permanently committed the children to a licensed child placing agency, recites no findings of facts. The only finding is: “ * * * and the Court being of the opinion that the best interests of said children require the Court to grant said petition. * * * ”
We test this order by Chapter 39.11(1) (d), which provides:
“Permanently commit * * * (the child), if the juvenile court finds that the child has been abandoned by the natural parent or parents, and legal guardian if any, of the child; or that the parent or parents, and legal guardian if any, have substantially and continuously or repeatedly refused, or though financially able have neglected, to give the child parental care and protection; or that the parent or parents, and legal guardian if any, are unfit by reason of their conduct or condition, which is seriously detrimental to the child’s welfare; and if the court finds that it is manifestly to the best interest of the child to do so.”
The state, in its capacity of parens patriae, may direct the conditions or exigencies by which it can assume control of infants. These conditions, however, can be set by the legislature only. To deprive one permanently of his offspring is a highly drastic action, and a valid order changing a temporary commitment of a dependent child to a permanent commitment, must be in strict conformance with legislative direction. Noeling v. State, Fla.1956, 87 So.2d 593.
The courts must follow the positive and unambiguous provisions of the statute. So-called findings of facts that are mere conclusions will not support a judgment permanently severing parental rights. See, a similar case, Mitchell v. State, Fla.App. 1962, 142 So.2d 740, containing extensive factual findings.
We are forced to conclude that the order appealed, which permanently committed said children to a licensed child placing agency for adoption, shows on its face that it fails to meet the essential requirements of law and that it is not in strict conformity with legislative direction. The order appealed is therefore reversed.
Reversed and remanded for proceedings not inconsistent with this opinion.
HOBSON, Acting C. J., and PIERCE, J., concur.